CAROLINE SPICER, plaintiff in error, *vs.* THOMAS B. MYRES, sheriff, defendant in error.

(MONTGOMERY, Justice, was providentially prevented from presiding in this case.)

1. The 7th section of the Relief Act of 1868 does not excuse the sheriff from making a levy, but authorizes the defendant to file an affidavit after the levy has been made, and then directs that the sheriff shall suspend the sale and return the papers to the Court. (R.)

2. The sheriff having failed to discharge his duty in not levying upon the property of the defendant, as he was instructed to do, the rule should have been made absolute against him for the amount of the execution, provided the land was worth that much, and if not, then for the value of the land. (R.)

Rule against sheriff. Relief Act of 1868. Before Judge CLARK. Schley Superior Court. November Term, 1872.

For the facts of this case, see the decision.

W. A. HAWKINS, for plaintiff in error.

No appearance for defendant.

WARNER, Chief Justice.

This was a rule against the sheriff of Schley county, calling upon him to show cause why he should not pay to the plaintiff the amount of an execution placed in his hands for collection against the defendant. The sheriff admits in his answer to the rule, that in December, 1868, the execution was placed in his hands with instructions to levy the same on a plantation known as the Edward's place, as the property of the defendant; that the reason he did not levy the *fi. fa.* on the property, was because the defendant presented to him an affidavit, dated 27th February, 1869, in which he stated that he wished to take the benefit of the Act of 1868, for the relief of debtors, and that he returned the *fi. fa.* to the Court from whence it issued without making any levy on the defendant's property. Upon this showing of the sheriff, the Court discharged the rule, and the plaintiff excepted. The 7th section of the Act

of 1868, did not excuse the sheriff from making a levy on the land as he was instructed to do, and as it was his duty to have done; that section of the Act only authorizes the defendant to file an affidavit after the levy has been made, and then the sheriff shall receive the defendant's affidavit, suspend the sale, and return the papers to the Court. The levying the execution on the defendant's property is the foundation for the subsequent proceedings provided for by the Act. By failing to make the levy, the property may now be in the possession of a *bona fide* purchaser from the defendant for a valuable consideration for four years, and thereby the plaintiff be injured by the loss of her debt. Whereas, if the sheriff had levied the execution as it was his duty to have done, that state of things could not occur. The sheriff having failed to discharge his duty in not levying upon the property of the defendant as he was instructed to do, the rule should have been made absolute against him for the amount of the *fi. fa.*, provided the land was worth that amount, and if not, then for the value of the land.

Let the judgment of the Court below be reversed.